# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-4489 |
| | : | |
| JESSICA ALTMAN, | : | |
|     Defendant. | : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                                        **NOVEMBER 21, 2019**

      Plaintiff Jimi Rose, a regular litigant in this Court, filed this civil action against Jessica Altman, the Pennsylvania Insurance Commissioner. Rose asks this Court to issue an injunction requiring Altman to investigate certain insurance-based crimes allegedly committed against him. He also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). For the following reasons, the Court will grant Rose leave to proceed *in forma pauperis*, dismiss his Complaint as frivolous, and deny his request for injunctive relief. Rose also filed a "Motion and Request for Court Ruling" (ECF No. 5) asking that the Court rule on his claims, which the Court will deny as moot because this Memorandum and Order addresses his pending filings.[1]

## I.     FACTS

      Rose's Complaint is styled as a hybrid "Complaint and Motion for Injunctive Relief."[2] Rose alleges that he has been a victim of insurance fraud and possibly other crimes perpetrated

---

[1] Although Rose filed a single Motion, the Motion seeks rulings in three separate cases and was docketed in each respective action. To the extent Rose seeks a ruling in other cases, the Court will address his Motion in those cases.

[2] The pleading was docketed twice, once as a "Complaint" and once as a "Motion for Injunctive Relief," but the two docket entries are the same. (*See* ECF Nos. 2 & 4.)

1

by a former tenant. His claims in this case are based on his allegations that he requested Altman "to launch an investigation against and Charge and Arrest [Rose's former tenant and an alleged co-conspirator]" but that to this date she "has failed to do so which makes [her] a party to this Criminal Insurance Fraud." (Compl. ECF No. 2 at 7.)[3] Rose asks this Court to order Altman "to Investigate [his] Claims of Elder Law Violation, Contract Law Violation and Insurance Fraud" as described in the Complaint. (*Id.* at 8.)

## II. STANDARD OF REVIEW

The Court will grant Rose leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Rose's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i), which requires the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Rose is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Rose does not indicate the basis upon which he brings his claims. Since he marked on the designation form filed with his Complaint that this is a civil rights case, the Court construes his claims as having been brought under 42 U.S.C. § 1983. However, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Furthermore, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983

---

[3] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted). Accordingly, Rose cannot bring any claims based on alleged failures of government officials to investigate crimes and/or prosecute criminals. *See Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."). In sum, there is no legal basis for Rose's claims against Altman.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Rose leave to proceed *in forma pauperis*, dismiss his Complaint as legally baseless, and deny his Motion for Injunctive Relief. He will not be given leave to file an amended complaint, because he cannot cure the defects in his claims. An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**